United States District Court
Southern District of Texas
**ENTERED**
August 10, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JOSE GUSTAVO SAPON JUAREZ, | § § § § § | CIVIL ACTION NUMBER 4:26-cv-6356 |
| Petitioner, | | |
| versus | § § § | JUDGE CHARLES ESKRIDGE |
| WARDEN, MONTGOMERY PROCESSING CENTER, *et al*, | § § § § | |
| Respondents. | § | |

**ORDER ON DISMISSAL**

Petitioner Jose Gustavo Sapon Juarez filed a petition for writ of *habeas corpus* under 28 USC §2241 on August 5, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his current detention violates the Due Process Clause of the Fifth Amendment, the Administrative Procedures Act, and the Fourth Amendment.

A district court entertaining an application for a writ of *habeas corpus* "shall forthwith award the writ" or issue a show cause order "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 USC §2243. A petition brought under 28 USC §2241 is subject to summary dismissal if it "plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." *Kiser v Johnson*, 163 F3d 326, 328 (5th Cir 1999), quoting Rule 4 of the Rules Governing Section 2254 Cases. See also Rule 1(b) of the Rules Governing Section 2254 Cases (permitting courts to apply such rules to *habeas* petitions not covered by Rule 1(a), including §2241 petitions).

The Fifth Circuit issued a controlling decision on February 6, 2026, with respect to detention under 8 USC §1225(b)(2)(A). See *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026). In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under §1225(b)(2)(A). See id at 502–08. Such determination forecloses statutory arguments under the INA, along with any claim that the subject agency acted *ultra vires* in exercising detention authority in this context.

The Fifth Circuit issued a separate decision on July 2, 2026, with respect to the constitutionality of detention under §1225(b)(2)(A). See *Sosnava Rodriguez v Ortega*, 180 F4th 702 (5th Cir 2026). With reference to limitations imposed by the Due Process Clause, the decision holds that the Government may detain individuals under the subject statute "for ninety days but no longer without a bond hearing," and that "at the hearing, the Government must articulate an individualized justification for further detention without bond." Id at 727–28. But on July 10, 2026, the Fifth Circuit vacated that decision pending rehearing *en banc*. See 2026 WL 2014647, *1 (5th Cir). This means that the panel opinion is currently "of no precedential value." *Comer v Murphy Oil USA, Inc*, 718 F3d 460, 468 (5th Cir 2013).

The undersigned has now ruled on over three hundred petitions for writ of *habeas corpus* since challenges in this context began in earnest in September 2025. This includes decisions on the following issues pertinent to the subject petition:

- o *Montoya Cabanas v Bondi*, 2025 WL 3171331 (SD Tex): Resolving statutory question under §1225(b)(2)(A) consistent with interpretation later adopted in *Buenrostro-Mendez* and cited there with approval. See 166 F4th at 500 n 4.

- o *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that procedural due process

doesn't require an individualized custody determination beyond the mandate of §1225(b)(2)(A).

- o *Herrera Estrada v Thompson,* 2026 WL 2000097 (SD Tex): Holding that pre-removal-order detention authorized by §1225(b)(2)(A) doesn't violate substantive due process while deportation proceedings are pending even if it exceeds the six-month period set out in *Zadvydas v Davis*, 533 US 678 (2001), as to post-removal-order detention; see also *Ramirez Castellano v Strong*, 2026 WL 2225137 (ND Tex, Hendrix, J) (holding that Due Process Clause doesn't entitle aliens in ongoing removal proceedings to release into United States after detention has exceeded any particular period of time).

- o *Llanes Carnesolta v Tate*, 2026 WL 948727 (SD Tex): Holding that claims as to lawfulness of arrest fail because an illegal arrest has no bearing on the legality of detention following arrest.

- o *Garcia Tabon v Dickey*, 4:25-06145 (SD Tex, Jan 22, 2026): Dismissing a claim under the Administrative Procedure Act as foreclosed by 5 USC §704 and as relying on statutory interpretation rejected in *Buenrostro-Mendez*.

The arguments in the petition raise only issues resolved to the contrary in the decisions cited above.

As such, it appears from the face of the petition that Petitioner is not entitled to relief. The petition will thus be dismissed with prejudice on the basis presently submitted.

*    *    *

In so concluding, respectful acknowledgement is given to a number of district court judges who have reached a different conclusion on the claim with respect to due process presented in this case, including within the Houston Division itself. For example, reaching conclusions

3

in line with the undersigned are decisions in *Garcia De La Cruz v Bondi*, 2026 WL 309939 (SD Tex, Lake, J), *Arteaga-Marroquin v Blanche*, 2026 WL 1708601 (SD Tex, Hanen, J), and *Bernal v Frink*, 2026 WL 1804234 (SD Tex, Ganjei, J). But reaching conclusions that would afford relief to petitioners are decisions such as *Guerrero Gomez v Warden,* 4:26-cv-02192 (SD Tex, May 1, 2026, Hoyt, J), *Banegas Avila v Frink*, 2026 WL 976144 (SD Tex, Rosenthal, J), *Rodriguez v Frink*, 823 F Supp 3d 678 (SD Tex 2026, Ellison, J), *Serrano v Thompson*, 2026 WL 2000099 (SD Tex, Bennett, J), and *Batalla Nava v Tate*, 2026 WL 1103033 (SD Tex, Hanks, J). Until the Fifth Circuit or Supreme Court gives a definitive interpretation, it is simply up to each district court judge to continue to give his or her own best reading to the law and available precedent.

It bears mention that many petitioners for writ of *habeas corpus* in this context present sympathetic personal and family circumstances. Even so, application of §1225(b)(2)(A) comports with due process and supports the position of the Government as to mandatory detention. Inquiry beyond that, as to whether such position is the best or wisest use of executive enforcement priorities, or whether it is in line with the priorities of prior Administrations, simply isn't the remit of an Article III court. It is instead the subject of legislation and the result of elections, both of which have consequences. See *Montoya Cabanas*, 2025 WL 3171331 at *6.

Petitioner is advised to follow the *en banc* proceedings of the Fifth Circuit in *Sosnava Rodriguez* and may file a motion for reconsideration or a later petition if warranted after those proceedings conclude.

\* \* \*

The petition for writ of *habeas corpus* by Petitioner Jose Gustavo Sapon Juarez is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

4

It is ORDERED that the Clerk will email this Order to USATXS.CivilNotice@usdoj.gov to provide notice of this action to Respondents.

This is a FINAL JUDGMENT.

SO ORDERED.

Signed on August 10, 2026, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge